EDWARD O. AVERY v. DANIEL KNIGHT AND GEORGE H. BROEFFLE.

*Witness—Use of memoranda—Evidence—Res judicata.*

1. The mere fact that certain items, which a defendant testifies to having paid to the plaintiff on the claim sought to be enforced,

were included in the defendant's bill of particulars in a former suit brought by him against the plaintiff, will not warrant the assumption that the items were adjudicated in said suit, and an objection to the use by the defendant of the bill of particulars to refresh his memory as to said items while testifying in the latter suit, on the ground that the items had been adjudicated in the first suit, is untenable.

2. If the defendant is permitted to testify to said items with the aid of the bill of particulars, it is proper for the plaintiff, on rebuttal, to show by the record in the former suit that said items were adjudicated against the defendant, provided it further appears that such adjudication necessarily precluded the claim of the defendant that said items were payments upon the claim sought to be enforced by the plaintiff in the latter suit.

Error to Alpena. (Simpson, J., presiding.) Submitted on briefs January 19, 1894. Decided March 20, 1894.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*C. E. Williams,* for appellant.

*W. E. Depew,* for defendants.

HOOKER, J. The undisputed evidence shows that defendant Knight, being the owner of a pile-driver which was in bad condition, had some dealings with the plaintiff, Avery, in relation to repairing it. Avery claims that in consideration of his paying some claims against the pile-driver, and furnishing the necessary material and labor to repair it, defendant Knight sold it to him, with the understanding that he was to be allowed to operate it upon shares, which he did for several years, but never accounted with plaintiff, and paid him only $40 upon his share of the earnings. Knight denies that he ever sold the pile-driver, and says that he paid the debts against it himself, and that, while he received some assistance from Avery in its repair, he never sold it to him, and if he executed any

instruments at all, which he does not believe he did, it was only by way of security for the advances, and that he had more than paid such claims by work which he had done for Avery before the commencement of this suit. Avery, having learned that Knight had sold an undivided one-half interest in the pile-driver to the other defendant, made demand for the pile-driver, which being refused, he brought this action of replevin.

To maintain his defense, Knight testified that he had performed work for Avery since the pile-driver was rebuilt, and had made payments to him on the things that he furnished. A paper being handed to the witness by his counsel, he was allowed to use it to refresh his memory as to such items. Being asked what paper it was, his counsel answered that it was the bill of particulars from the former case, a statement which his counsel had made out on the typewriter of Knight's account, and that the witness had used it merely to refresh his memory. The following colloquy occurred:

" *Mr. Williams:* It is a bill of particulars in the former case?

" *Mr. Depew:* Yes, it is a statement from our account.

" *The Court:* You don't offer this in evidence?

" *Mr. Depew:* No.

" *The Court:* I understand the witness is simply doing this to refresh his memory.

" *Mr. Williams:* Very well; I make an exception to the use of the paper by the witness, for the reason that all of the items and matters contained appear to have been matters and items that have been adjudicated between the parties by a former suit. It appears to be a bill of particulars filed in the case of *Daniel Knight v. Edward O. Avery.*

" *Mr. Depew:* It never has been filed in any court.

" *Mr. Williams:* A case heretofore pending in this court, and containing the matters entirely that have been adjudicated therein.

" *Mr. Turnbull:* The only thing that witness gives from that, it is for the purpose of refreshing his memory

whether he did that work for the party or not. That is the question,—to refresh his memory; that is all.

" *Mr. Depew:* In 1885, and other years following.

" *The Court:* Answer the question. (Plaintiff excepted.)"

The witness thereupon testified to certain items, presumably refreshing his memory from the paper. The objection to the testimony was that the items had been adjudicated. At this stage of the trial, however, very little, if anything, had been shown about the former case. The fact that the items had once figured in a bill of particulars in another action did not warrant the assumption that the action had gone to judgment. Moreover, it was not impossible that, if it had, and plaintiff had recovered, the recovery was based upon the fact that these items sued for by defendant were in fact treated as payments upon plaintiff's repairs upon this identical pile-driver.

Upon rebuttal, counsel for the plaintiff offered in evidence the files and journal entries in the case referred to. The following quotation from the record will suffice to show the question raised:

" Plaintiff also, in rebuttal, offers the files and the journal entry in the case of *Daniel Knight v. Edward O. Avery*, on page 369 of the journal.

"*Mr. Williams:* The object of this is this: The paper introduced here this morning was the bill of particulars in which Mr. Knight, the defendant, claimed that he had an account against Mr. Avery that would over-balance any advances that he had made to him by way of security; that this account would pay up any claim that Avery might have, if his theory of the case that those advances were made as security was correct. Now, I wish to show that those items of the account were the subject-matter of the litigation that has heretofore occurred between the two parties, and resulted in a verdict in favor of Mr. Avery, and, of consequence, those items of account that have been presented or testified to here should be stricken from the record.

"*The Court:* They won't be in here as a matter of evidence.

"*Mr. Williams:* I wish to show, your honor, that this man, when he claimed he had an account in there, didn't have an account; that has been sustained by the court, and the court has passed upon it.

"*Mr. Turnbull:* We object to that as incompetent, immaterial, and irrelevant.

"*The Court:* The only object he has offered it for is to show how they dealt in regard to ownership in the account. What the jury found in one case is not evidence in another case.

"*Mr. Williams:* It is evidence as to the validity of the claim litigated in another case. I will take your honor's ruling on it.

"*The Court:* I don't think you can introduce the verdict. I think I will sustain the objection, Mr. Williams.

"*Mr. Williams:* Note an exception."

It was proper, upon rebuttal, to show that the items testified to by defendant Knight had been adjudicated against him, provided it also appeared that such adjudication necessarily precluded the claim that they were payments upon plaintiff's advances; and the fact that the defendant had brought an action upon them would tend to show that he did not so consider them at that time, thereby corroborating, to some extent, the plaintiff's version. While the admission of the defendant's testimony, aided as it was by the writing, was not error, in view of the objection taken, the record of the former case should have been admitted.

A number of assignments of error appear in the record, but we think it unnecessary to discuss them.

The judgment of the circuit court must be reversed, and a new trial ordered.

The other Justices concurred.